UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------x

UNITED STATES OF AMERICA

    -v-

TERON FOSTER
-----------------------------------x

**JUDGMENT INCLUDING SENTENCE
UNDER THE SENTENCING REFORM ACT**

CASE NUMBER:CR-03-1368(ARR)
GARY S. VILLANUEVA, ESQ
401 BROADWAY, SUITE 1503
NEW YORK, NEW YORK 10013
Defendant's Attorney & Address

THE DEFENDANT:

<u>XXX</u>   pleaded guilty to count one of the superseding information.

____   was found guilty on counts                 after a plea of not guilty.
    Accordingly, the defendant is ADJUDGED guilty of such count(s), which involve the
following offenses:

| TITLE & SECTION | NATURE & OFFENSE | COUNT NUMBER(S) |
|---|---|---|
| 21 USC 952(a), 963,<br>960(a)(1) &<br>960(b)(2)(G) | CONSPIRACY TO IMPORT<br>100 KILOGRAMS OR MORE OF MARIJUANA. | ONE (1) |

The defendant is sentenced as provided in pages 2 through     of this Judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

____   The defendant has been found not guilty on count(s)        and is discharged as
to such count(s).

<u>XXX</u>   Remaining counts are dismissed on the motion of the United States.

<u>XXX</u>   It is ordered that the defendant shall pay to the United States a special
assessment of $100.00 which shall be due  <u>XXX</u> immediately  ____  as follows:

It is further ORDERED that the defendant shall notify the United States Attorney for this
district within 30 days of any change of residence or mailing address until all fines,
restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec #_____

Defendant's Date of Birth 9/4/73 ____

Defendant's Mailing Address:

361 EAST 58th STREET _____

BROOLYN, NEW YORK 11203 _____

Defendant's Residence Address:

_____ ( SAME AS ABOVE ) _____

_____

MAY 16, 2006
Date of Imposition of Sentence

_____
AILYNE R. ROSS, U.S.D.J.

MAY 16, 2006
Date

A TRUE COPY ATTEST
Date:_____
ROBERT C. HEINEMANN
CLERK OF COURT

By:_____

DEPUTY CLERK

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of twenty four (24) months.

<u>XXX</u>   The Court makes the following recommendations to the Bureau of Prisons:
THAT THE DEFT BE HOUSED IN A FACILITY IN THE NEW YORK METROPOLITAN AREA. THAT THE DEFT PARTICIPATE IN A SUBSTANCE ABUSE TREATMENT PROGRAM.

____   The defendant is remanded to the custody of the United States Marshal.
____   The defendant shall surrender to the United States Marshal for this district,

                ____   at _____a.m./p.m. on _____.
                ____   as notified by the Marshal.

<u>XXX</u>   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons

                <u>XXX</u>   before 12:00 noon on <u>7/17/2006</u>_____.
                ____   as notified by the United States Marshal.
                ____   as notified by the Probation Office.

### RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____
_____

Defendant delivered on _____ to _____ at
_____, with a certified copy of this Judgment.

                        _____
                        United States Marshal

                        By_____

Defendant: TERON FOSTER
Case Number:CR-03-1368(ARR)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of four(4) years.

While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

1) DEFT SHALL PARTICIPATE IN SUBSTANCE ABUSE TREATMENT WITH A TREATMENT PROVIDER SELECTED BY THE PROBATION DEPARTMENT. TREATMENT MAY INCLUDE OUTPATIENT OR RESIDENTIAL TREATMENT AS DETERMINED BY THE PROBATION DEPARTMENT. DEFT SHALL ABSTAIN FROM ALL ILLEGAL SUBSTANCES AND/OR ALCOHOL. DEFT SHALL CONTRIBUTE TO THE COST OF SERVICES RENDERED VIA CO-PAYMENT OR FULL PAYMENT IN AN AMOUNT TO BE DETERMINED BY THE PROBATION DEPARTMENT, BASED UPON THE DEFT'S ABILITY TO PAY AND/OR THE AVAILABILITY OF THIRD PARTY PAYMENT.

2) DEFT SHALL NOT POSSESS ANY FIREARMS.

3) DEFT SHALL COMPLY WITH THE ORDER OF FORFEITURE WHICH IS ATTACHED.

____ The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this
Judgment:

1) The defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the
   court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or
   probation officer and shall submit a truthful and complete written report within
   the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and
   follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family
   responsibilities;
6) the defendant shall work regularly at a lawful occupation unless excused by the
   probation officer for schooling, training, or other acceptable reasons;

7) the defendant shall notify the probation officer within seventy-two hours of any
   change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase,
   possess, use, distribute, or administer any narcotic or other controlled substance,
   or any paraphernalia related to such substances, except as prescribed by a
   physician;
9) the defendant shall not frequent places where controlled substances are illegally
   sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity,
    and shall not associate with any person convicted of a felony unless granted
    permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at
    home or elsewhere and shall permit confiscation of any contraband observed in plain
    view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being
    arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special
    agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of
    risks that may be occasioned by the defendant's criminal record or personal history
    or characteristics, and shall permit the probation officer to make such
    notifications and to confirm the defendant's compliance with such notification
    requirement.

These conditions are in addition to any other conditions imposed by this
Judgment.

### FINE WITH SPECIAL ASSESSMENT

The defendant shall pay to the United States the sum of $ 100.00      , consisting
of a fine of $   N/A         and a special assessment of $ 100.00             .

____  These amounts are the totals of the fines and assessments imposed on individual
counts, as follows:

This sum shall be paid ___ immediately
                       ___ as follows:

<u>XXX</u>  The Court has determined that the defendant does not have the ability to
pay any fines, cost of confinement or supervision.

____  The interest requirement is waived.
____  The interest requirement is modified as follows:

D+F

EDB:BGK
F. # 2005V01179

**ORIGINAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

TERON FOSTER,
    also known as "Ron,"

          Defendant.

- - - - - - - - - - - - - - X

**PRELIMINARY ORDER OF
FORFEITURE**

CR-03-1368 (S-6) (ARR)

    WHEREAS, on April 8, 2005, the defendant, TERON FOSTER, voluntarily waived indictment and pled guilty to violation of Title 21, United States Code, Section 963 as alleged in the Superseding Information; and

    WHEREAS, on April 8, 2005, in the Superseding Information in the above-captioned case the United States sought forfeiture pursuant to Title 21, United States Code, Section 853, of any property constituting, or derived from, proceeds obtained, directly or indirectly, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission, of the violation of Title 21, United States Code, Section 963; and

    WHEREAS, pursuant to the defendant's plea agreement, the defendant agreed and consented to forfeit to the United States all of his right, title and interest in the sum of $21,314.00 in United States currency, more or less, and all proceeds traceable thereto,

-2-

seized from 361 East 58th Street, Brooklyn, New York; and one Silver 1995 Mercedes Benz S500, VIN WDBGA70E9SA193003 (the "Forfeited Property").

WHEREFORE, it is hereby ORDERED, ADJUDGED AND DECREED THAT:

1.    Pursuant to Title 21, United States Code, Section 853, the defendant shall forfeit to the United States all of his right, title and interest in the Forfeited Property.

2.    Upon entry of this Order, the United States Attorney General, or his designee, is authorized to seize the Forfeited Property and to conduct any discovery necessary to identify or dispose of the Forfeited Property in accordance with Fed. R. Crim. P. 32.2(b)(3).

3.    Upon entry of this Order, the United States Attorney General is authorized to commence any applicable proceedings necessary to comply with the statutes governing the rights of third-parties, including giving notice of this Preliminary Order of Forfeiture.

4.    The United States shall publish notice of this Preliminary Order of Forfeiture in a newspaper of general circulation in this district, and of its intent to dispose of the Forfeited Property in such a manner as the Attorney General or his designee may direct.

5.    Any person, other than the defendant, asserting a legal interest in the Forfeited Property must within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier, petition the Court for a hearing, without a jury, to adjudicate the validity of his alleged interest in the Forfeited Property, and for an amendment to this order, pursuant to Fed. R. Crim. P. 32.2(c).

6.    Any petition filed by a third-party asserting an interest in the Forfeited Property shall (i) be signed by the petitioner upon penalty of perjury; (ii) set forth the nature and extent of the petitioner's right, title or interest in the Forfeited Property; and (iii) any additional facts supporting the petitioner's claim and relief sought.

7.    The United States may also, to the extent practicable, provide direct written notice to any person known to have an alleged interest in any assets identified and/or seized in accordance with Fed. R. Crim. P. 32.2(e)(1) as a substitute for publishing notice as to those persons so identified.

8.    Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

-4-

9.   At the expiration of the period provided by statute, or, in the event any third-party files a timely claim, upon adjudication of all third-party interests, the Court will enter a Final Order of Forfeiture in which all interests will be addressed.

10.   The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

11.   The Clerk of the Court shall forward six (6) certified copies of this Order to Assistant U.S. Attorney Brendan G. King, U.S. Attorney's Office, Eastern District of New York, One Pierrepont Plaza, 16th Floor, Brooklyn, New York 11201.

Dated:   Brooklyn, New York
         August 18 , 2005


HONORABLE ALLYNE R. ROSS
UNITED STATES DISTRICT JUDGE